UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMILY GAMMOH<br>73 Lavista Drive<br>Morgantown, WV 26508<br><br>    Plaintiff<br><br>            -against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>United States Citizenship and Immigration Services<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>- And -<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>c/o Office of the General Counsel<br>U.S. Department of Homeland Security<br>2707 Martin Luther King Jr. Ave, SE<br>Mail Stop 0485<br>Washington DC 20528-0485<br><br>    Defendants | CASE NO. 1:22-cv-00256<br><br>COMPLAINT |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Emily Gammoh brings this action in response to the USCIS's decision of January 10, 2022, rejecting her Form I-129, Petition for Non-Immigrant Worker (classification H2B) on behalf of Cherryl De Lima.

2. USCIS improperly rejected Ms. Gammoh's petition. The petition was properly completed and complied with the instructions on the form. There was no valid basis for rejecting the application.

3. Accordingly, Ms. Gammoh is asking this Court to find that the decision was arbitrary and not in accordance with law, and so hold it unlawful and set it aside.

## DESCRIPTION OF PARTIES

4. Emily Gammoh is a citizen of the United States residing in the state of West Virginia.

5. The United States Citizenship and Immigration Service (USCIS) is an agency of the U.S. government residing in the District of Columbia and the State of Maryland.

6. The United States Department of Homeland Security is an agency of the United States residing in the District of Columbia.

## BRIEF STATEMENT OF RELEVANT FACTS AND LAW

7. On approximately October 5, 2021, Emily Gammoh filed an Application for Temporary Labor Certification (TLC) with the Department of Labor. The application was filed after extensive recruitment efforts by Ms. Gammoh showed that no qualified workers were available for the "Nanny" job sought to be filled by Ms. Gammoh.

8. On November 12, 2021, the Department of Labor issued a certification, agreeing that qualified workers in the United States are not available for the job of Nanny which Ms. Gammoh wished to offer to Ms. De Lima and that Ms. De Lima's employment will not adversely affect wages and working conditions of similarly employed United States workers.

9. This certification indicated the "employment begin date" would be December 23, 2021, and the "employment end date" would be December 23, 2022.

10. On January 5, 2022, Ms. Gammoh filed the required Form I-129 with the Vermont Service Center. The application included all required evidence, including the approved TLC. This I-129 application sought to classify Ms. De Lima as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(H)(ii)(B) (classification H2B).

11. On January 10, 2020, the USCIS's Vermont Service Center (VSC), located in Essex Junction, Vermont, issued a "Notice of Action" to Ms. Gammoh which rejected and returned the application, stating that it had to be resubmitted for the following reasons:

> You did not include a valid Determination for your ETA-9I42B Application for Temporary Employment Certification (TLC).
>
> In order for the Determination to be valid, it must be on an "Approval of H 2B Temporary Labor Certification" form. All fields must be filled in by the Department of Labor (DOL).
> The "From" date on Form I-129 found at Page 5, Part 5, number 11 must match the Employment Begin Date in number 9 of the TLC.

12. Although not expressly stated as such, it is apparent that this notice was a "rejection" pursuant to 8 CFR 103.2(a)(7), which provides in relevant part that:

> **(ii)** A benefit request which is rejected will not retain a filing date. A benefit request will be rejected if it is not:
>
> **(A)** Signed with valid signature;
>
> **(B)** Executed;
>
> **(C)** Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request; and
>
> **(D)** Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable because of insufficient funds, USCIS will resubmit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing may be rejected. Financial instruments returned as unpayable for a reason other than insufficient funds will not be redeposited. If a check or other financial instrument used to pay a fee is dated more than one year

>> before the request is received, the payment and request may be rejected
>
> **(iii)** A rejection of a filing with USCIS may not be appealed.

13. The notice did not assert facts suggesting that the petition failed to comply with subparagraphs A, B, or D of said section, nor could it since all of those requirements had been met. It is apparent, therefore, that it was rejected because USCIS had found that it failed to comply with subparagraph C because it allegedly did not comply with the regulations governing H2B applications.

14. However, the rejection notice incorrectly states that required forms were not submitted. In fact, Ms. Gammoh did include with her petition an ETA-9142B, Application for Temporary Employment Certification (TLC), an Approved H2B Temporary Labor Certification form, and all the fields on that Form were filled in by the Department of Labor (DOL).

15. The notice of action also states the petition was rejected because the "From" date on Form I-129 found at Page 5, Part 5, number 11 did not match the Employment Begin Date in number 9 of the TLC.

16. This particular provision of the Form I-129 states in its entirety:

    "11. Dates of intended employment from: (mm/dd/yyyy) to: (mm/dd/yyyyy)."

17. The employment begin date in number 9 of the TLC filed with the petition is December 23, 2021.

18. Therefore, the Form I-129 was found to be invalid because it did not indicate that the dates of intended employment were from December 23, 2021. Rather, the I-129 indicated that the dates of intended employment were from April 1, 2022 to December

23, 2022.

19. However, it would have been improper to include an intended employment start date of December 23, 2021 on the I-129 Form which was filed on January 5, 2022 because that start date had already passed.

20. The I-129 form was properly completed and supported and should not have been rejected by USCIS.

CAUSES OF ACTION
COUNT I
**UNLAWFUL REJECTION -VIOLATION OF ADMINSTRATIVE PROCEDURE ACT**

21. The assertion that the plaintiff did not "include a valid Determination for your ETA-9142B Application for Temporary Employment Certification (TLC) because 'the "'From'" date on Form I-129 found at Page 5, Part 5, number 11 must match the Employment Begin Date in number 9 of the TLC'' is illogical on its own terms, rendering the decision upon which it is premised, arbitrary. *IRS v. FLRA*, 963 F.2d 429, 439, 295 U.S. App. D.C. 326 (D.C. Cir. 1992)). ("[I]f the result reached is illogical on its own terms,' the Authority's order is arbitrary and capricious."). *See also*, *Mairykeeva v. Barr*, 378 F.Supp.3d 391 (E.D. PA 2019) (District Court has jurisdiction to review denied immigration petitions pursuant to 28 U.S.C. 1331 and 5 U.S.C. 704).

22. Whether a Temporary Labor Certification issued by the Department of Labor is valid or not is not logically related to what is written on the Immigration Form I-129.

23. Even if one re-reads the rejection to state that it is the petition that is invalid, that still results in an illogical outcome.

24. Ms. Gammoh could not possibly have intended to employ Ms. De Lima from December 23, 2021 because that date had already passed when the petition was filed.

25. The ordinary meaning of "intent" is "Have (a course of action) as one's purpose or objective; plan."[1]

26. One cannot logically have a course of action as one's purpose or objective or plan to do something in the past.

27. One cannot logically say, for example, "I intend to go to school yesterday".

28. For Ms. Gammoh to make such a statement on the I-129 Form would have been illogical and inconsistent with her true intent.

29. Ms. Gammoh did not in fact (and does not) intend to employ Ms. De Lima from December 23, 2021 to March 31, 2022, because, among other things, Ms. De Lima is currently not in the U.S. and has no means of legally coming to this country prior to the issuance to her of an H-2B visa, and the earliest date upon which it could be issued is March 22, 2022.  It would have been a false statement for Ms. Gammoh to state that she intended to employ her during any of that period, and potentially would have subjected her to jeopardy because Form I-129 is executed under penalty of perjury.

30. Furthermore, if Ms. Gammoh asserted that she intended to employ Ms. De Lima beginning in December of 2021, this could have been construed as an admission she intended to employ a noncitizen without employment authorization since Ms. De Lima has no authorization to be employed in the U.S., and the earliest date she could conceivably have such authorization is April 1, 2022.

31. Therefore, the decision rejecting Ms. Gammoh's petition, even if it were premised upon the claimed invalidity of the petition, and not the TLC, is still illogical, and,

---

[1] Definition from Oxford Languages, online at
https://www.google.com/search?q=intend+dictionary&rlz=1C1JZAP_enUS909US910&oq=int&aqs=chrome.0.69i59 l3j35i39j69i6l13j69i65.813j1j7&sourceid=chrome&ie=UTF-8 (last accessed January 16, 2022).

{B2465542.1 17115-0001}                                              6

therefore, arbitrary.

32. Nevertheless, it might be argued that the decision to reject the petition was consistent with 8 CFR § 103.2(a)(7) in that placing any date other than the start date of the TLC in the first blank on Page 5, Part 5, number 11, would appear to be contrary to 8 CFR 214.2(h)(6)(iv)(D), providing in relevant part that "an H-2B petition must state an employment start date that is the same as the date of need stated on the approved temporary labor certification."

33. Inasmuch as 8 CFR 103.2(a)(7)(ii)(C) provides that a request benefit may be rejected if it is not "(f)iled in compliance with the regulations governing the filing of the specific application, petition, form, or request", it could be argued that the petition was properly rejected for failing to comply with a regulation, even though this was not indicated in the Notice.

34. Such an argument would be wrong.

35. 8 CFR 103.2(a)(1) provides in relevant part that "Preparation and submission. Every form, benefit request, or other document must be submitted to DHS and executed in accordance with the form instructions regardless of a provision of 8 CFR chapter I to the contrary. The form's instructions are hereby incorporated into the regulations requiring its submission."

36. The Form I-129 unambiguously directs the employer to state the "dates of <u>intended</u> employment" (emphasis added).

37. Since the intended start date of employment could not under any circumstances include December 23, 2021, because that date had already passed, it was impossible for Ms. Gammoh to comply with § 214.2(h)(6)(iv)(D).

38. USCIS regulations expressly provide that every Form be executed in accordance with the form instructions regardless of a provision of 8 CFR chapter I[2] to the contrary. Therefore, the petitioner was required to state the accurate intended start date in order to comply with the Form's instruction. That accurate date could not be December 23, 2021 and Ms. Gammoh correctly indicated the intended start date was April 1, 2022.

39. Therefore, the USCIS's decision of January 10, 2022 rejecting Ms. Gammoh's Form I-129 upon behalf of Cherryl De Lima, was arbitrary and/or not in accordance with law.

WHEREFORE this Court should hold said rejection unlawful and set it aside, pursuant to 5 U.S.C. § 706(2).

**COUNT II**

40. On December 19, 2008, the Department of Homeland Security to issue a "Final Rule" amending, DHS regulations at 8 C.F.R. § 214.2 to provide, among other things, that "Beginning with petitions filed for workers for fiscal year 2010, an H-2B petition must state an employment start date that is the same as the date of need stated on the approved temporary labor certification." Changes to Requirements Affecting H–2B Nonimmigrants and Their Employers " 73 FR 78103, 78129.

41. This amendment is codified as a portion of at 8 C.F.R. § 214.2(h)(6)(iv)(D).

42. The Department of Homeland Security failed to provide a rational explanation this rule.

43. Its purported "explanation" of the amendment was:

> This final rule adopts the proposed requirement that an H–2B petition identify an employment start date that is the same as the date of employment need stated on the approved temporary labor certification. New 8 CFR 214.2(h)(6)(iv)(D).

---

[2] Chapter I of Title 8 of the Code of Federal Regulations consists of Parts 1-499 of that Title, including 8 CFR 214.2.  govinfo, Code of Federal Regulations, https://www.govinfo.gov/app/collection/cfr/2021/title8/chapterI.

    Considering this requirement, it would be procedurally impossible for a petitioner to file an H–2B petition any sooner than the earliest date upon which it is able to start recruiting for a nonagricultural position.

44. However, even without this amendment it would be "procedurally impossible for a petitioner to file an H–2B petition any sooner than the earliest date upon which it is able to start recruiting for a nonagricultural position" because an H-2B petition must be filed with a temporary labor certification, 8 C.F.R. § 214.2(h)(6)(iv)(A), and a temporary labor certification cannot be issued until after the H-2B petitioner has not merely commenced, but actually completed, its recruitment for a nonagricultural position. See 20 C.F.R. § 655.51(a) ("The criteria for certification include whether the employer has a valid *H-2B Registration* to participate in the H-2B program and has complied with all of the requirements necessary to grant the labor certification."); 20 C.F.R.§ 655.20(s) ("*Recruitment requirements.* The employer must conduct all required recruitment activities, including any additional employer-conducted recruitment activities as directed by the CO, and as specified in §§ 655.40 through 655.46.").

45. Accordingly, this purported explanation is entirely illogical, and so arbitrary and capricious. *FLRA*, 963 F.2d at 439.

46. Ms. Gammoh's H-2B petition was rejected solely because of her failure to comply with the provision of 8 C.F.R. § 214.2(h)(6)(iv)(D) unlawfully providing that "(b)eginning with petitions filed for workers for fiscal year 2010, an H-2B petition must state an employment start date that is the same as the date of need stated on the approved temporary labor certification".

WHEREFORE this Court should hold so much of the amendment to DHS regulations to provide at 8 C.F.R. § 214.2(h)(6)(iv)(D) that "(b)eginning with petitions filed for workers for fiscal year 2010, an H-2B petition must state an employment start date that is the same as the date of need stated on the approved temporary labor certification" unlawful and set aside pursuant to 5 U.S.C. § 706(2) and, accordingly, hold the USCIS's rejection of Ms. Gammoh's H-2B solely upon her basis to comply with this unlawful regulation to also be unlawful, and likewise set it aside. Id.

### COUNT III

47.  The Department of Homeland Security's amendment to the instruction to Form I-129 to implement language in it similar to the reference language of 8 C.F.R. § 214.2(h)(6)(iv)(D) was done was no explanation whatsoever, rational or otherwise, and so was likewise arbitrary and capricious

WHEREFORE this Court should hold so much of the amendment to Form I-129 instructions regulations to provide that an H-2B petition must state an employment start date that is the same as the date of need stated on the approved temporary labor certification" unlawful and set aside pursuant to 5 U.S.C. § 706(2)

### COUNT IV

**THE COURT SHOULD COMPEL THE USCIS
TO PROMPTLY ISSUE A DECISION**

48.  The USCIS's unlawful rejection of Emily Gammoh's petition has unreasonably delayed a proper adjudication of the same.

WHEREFORE this Court should compel the USCIS to issue a decision forthwith upon setting aside the unlawful rejection of Ms. Gammoh's petition, pursuant to 5 U.S.C. § 706(1).

Respectfully submitted this 1st day of February, 2022.

/s/ *Michael E. Piston*

Mchael E. Piston (MI 002)
Immigration Law Offices of Los Angeles, P.C.
38-08 Union St., Suite 9A
Flushing, NY  11354
(646) 876-3772
michaelpiston4@gmail.com